# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MARIA ESTELA JIMENEZ A/K/A/ MARIA E. PADILLA, et al., <br><br> Defendants. | CASE NO. 10cv0866 DMS (RBB) <br><br> **ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' JURY DEMAND** <br><br> **[Docket No. 9]** |

Pending before the Court is Plaintiff J&J Sports Productions, Inc.'s motion to strike Defendants' jury demand. The matter has been fully briefed by the parties. For the reasons discussed below, Plaintiff's motion is denied.

## I.
## BACKGROUND

On April 23, 2010, Plaintiff filed a Complaint alleging Defendants unlawfully broadcasted a sporting event at their restaurant in Calexico, California. Plaintiff asserts four claims against Defendants: (1) violation of 47 U.S.C. § 605, unauthorized publication or use of communications; (2) violation of 47 U.S.C. § 553, unauthorized reception of cable service; (3) conversion; and (4) violation of California Business and Professions Code §§ 17200, *et seq.* On July 22, 2010, Defendants filed an

///

Answer, in which they denied all claims, asserted thirty affirmative defenses, and demanded trial by jury. The present motion to strike Defendants' jury demand followed.[1]

## II.

## DISCUSSION

Plaintiff challenges Defendants' jury demand, asserting that a right to jury trial on Plaintiff's claims for statutory damages under 47 U.S.C. §§ 605 and 553 does not exist. The Ninth Circuit has not yet addressed the issue, and district courts that have considered the issue are divided. *See J & J Sports Productions, Inc. v. Orellana*, 2010 WL 1576447, at *2 (N.D. Cal. Apr. 19, 2010) (collecting cases). Generally, a litigant possesses a right to jury trial only if such right is conferred by statute or preserved under the Seventh Amendment of the United States Constitution. A two-step analysis has been set out by the Supreme Court to determine if a party has a jury trial right. *See Tull v. United States*, 481 U.S. 412, 417 n.3 (1987). First, the Court must look to the particular statute to determine if Congress intended to grant such a right. *Id.* Second, if the statute itself is not determinative, the Court must undertake a constitutional analysis to determine if the claim at issue is the same or analogous to actions that existed at common law and thus, is subject to trial by jury. *Id.*

An analysis of the statutes in question is not determinative of whether Congress intended to grant a jury right. Both statutes are identical regarding damages: "[T]he party aggrieved may recover an award of statutory damages ... as the court considers just." 47 U.S.C. § 553 (c)(3)(A)(ii) and 605 (e)(3)(A)(ii). This Court agrees with other district courts that have considered this issue, and concludes that "use of the word 'court' in the text of the statute is not determinative of the intent of the statue to grant the trial judge discretion over statutory awards, instead of a jury." *National Satellite Sports, Inc. v. Cotter's Lounge, Inc.*, 88 F. Supp. 2d 1024, 1025 (E.D. Mo. 2000) (citations omitted).

Accordingly, the Court must address the constitutional question of whether a right to jury trial exists by virtue of the Seventh Amendment, which provides in pertinent part: "In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved ...." To determine whether such a right exists under the Seventh Amendment, courts look to: (1) the

---

[1] Plaintiff also filed a motion to strike Defendants' affirmative defenses. That motion is addressed in a separate order.

nature of the right, and (2) whether the remedies provided are legal or equitable in nature. *Spinelli v. Gaughan*, 12 F.3d 853, 855 -56 (9th Cir. 1993). The first prong of the test looks to whether the nature of the right existed at common law, or is analogous to one that existed at common law. *Id.* at 855 (right to jury trial "is not limited to actions that actually existed at common law, but extends to actions analogous thereto.") The second prong of the test, which is the more important of the two prongs, *id.*, looks to the remedy – if it is legal in nature, a jury may be demanded by the litigants.

As to the nature of the rights at issue, several district courts have concluded that Section 553 (intended to combat piracy of cable television) and Section 605 (proscribing unauthorized interception of wireless transmissions), while not existing in the common law, are analogous to certain common law torts. *See, e.g., General Instrument Corp. v. Nu-Tek Elecs. & Mfg.*, 1996 U.S. Dist. LEXIS 4946, at *6 (E.D. Pa. Apr. 12, 1996) (finding comparison to tortious interference with property suitable); *Storer Cable Commc'n v. Joe's Place Bar & Restaurant,* 819 F. Supp. 593, 596 (W.D. Ky. 1993) (noting that piracy statutes and conversion are substantively distinct, but nonetheless finding the comparison fair); *J & J Sports*, 2010 WL 1576447, at *3 (finding common law tort of conversion a "suitable analogy"). This Court agrees, and likewise finds that Sections 553 and 605 are analogous to tort-based claims found at common law. Nevertheless, because the "analogy" inquiry is an "abstruse historical" search, *Tull*, 481 U.S. at 421, the Court moves to the more important inquiry – the nature of the remedy provided by the statutes in question. District courts that have considered this issue are split.

The court in *Storer Cable*, 819 F. Supp. 593, leads the way for the view that the remedy provided by Sections 553 and 605 is equitable in nature and thus, does not confer a jury right. In *Storer Cable*, the plaintiff held rights to broadcasting boxing matches. The defendants were commercial establishments that allegedly broadcasted boxing matches to their patrons without the plaintiff's permission. The court concluded that the statutory damages provided by Section 553 and 605 were restitutionary, and therefore, equitable in nature. *Id.* at 596. That conclusion was based on two findings: (1) the plaintiff's loss was greater than the defendant's gain, and (2) the statutes included discretionary phrases such as, "as the court considers just" and "the court in its discretion." *Id.* at 596-97. The court reasoned that actual damages would not fully restore the plaintiff's loss, and that restitution would be the most appropriate remedy because such recovery is not quantified in terms of actual loss. The court

also found that the exercise of discretion typifies a court's equitable role.  The plaintiff's unquantifiable loss, coupled with the court's ability to exercise discretion, led the court to conclude that the remedies provided by the statutes in question are equitable in nature.

Other district courts have gone the other way.  These courts have concluded that (1) the statutory damages provided in Sections 553 and 605 are in part punitive and thus, legal in nature, and (2) a remedy is not necessarily equitable simply because it is discretionary.  *See, e.g., J & J Sports*, 2010 WL 1576447*; National Satellite Sports*, 88 F. Supp. 2d at 1026-27.  This Court finds the reasoning of these cases persuasive.

As noted in *J & J Sports*, "Generally, monetary relief is a legal remedy and 'an award of statutory damages may serve purposes traditionally associated with legal relief, such as compensation and punishment.'" 2010 WL 1576447 *3 (citing *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 353 (1998)).  Restitution, on the other hand, is a remedy often used to restore the status quo and to return that which rightfully belongs to the owner.  *Tull*, 481 U.S. at 424.  In contrast, the statutory damages award at issue can be unrelated (or in addition) to restoring the status quo or disgorging unjust profits, and thus the award can address not only the plaintiff's loss but also serve to punish and deter.  An analogous statute involving copyright infringement under the Copyright Act, 17 U.S.C. § 504(c)(2), has been similarly construed.  In *Cass County Music Company v. C.H.L.R., Inc.*, 88 F.3d 635, 643 (8th Cir. 1996), the Eighth Circuit held that a right to jury trial existed when statutory damages were sought for copyright infringement under Section 504 because the intent of the statutory remedy was not only to make the plaintiff whole, "but also and arguably preeminently, to punish the defendant."  Thereafter, following a split among circuit courts on the issue of whether the Seventh Amendment provided a jury trial right for damage claims brought under the Copyright Act, the Supreme Court in *Feltner,* 523 U.S. at 340, held that it did.

The Court also agrees that the discretionary nature of the statutory damages at issue does not render the relief equitable in nature.  As the district court in *J & J Sports* observed: "In *Feltner*, the Supreme Court concluded that the statutory damages provision of the Copyright Act, which likewise provides that statutory damages may be awarded 'as the court considers just,' ... accords a right to jury trial, even on the amount itself.  523 U.S. at 355.  The Court found support in 'historical evidence that

cases involving discretionary monetary relief were tried before juries.'" 2010 WL 1576447 at *4 (citing *Feltner*, 523 U.S. at 353).

Accordingly, this Court agrees with the district courts that have held the Seventh Amendment preserves the right to jury trial for statutory damage claims under Sections 553 and 605. This is particularly so in light of the Supreme Court's decision in *Feltner*, which postdates *Storer Cable*.

## III.
## CONCLUSION

For these reasons, Plaintiff's motion to strike Defendants' jury demand is DENIED.

**IT IS SO ORDERED.**

DATED: November 8, 2010

HON. DANA M. SABRAW
United States District Judge