# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MARIA ESTELA JIMENEZ A/K/A/ MARIA E. PADILLA, et al., <br><br> Defendants. | CASE NO. 10cv0866 DMS (RBB) <br><br> **ORDER GRANTING PLAINTIFF J&J SPORTS PRODUCTIONS, INC.'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES** <br><br> **[Docket No. 8]** |

Pending before the Court is Plaintiff J&J Sports Productions, Inc.'s motion to strike Defendants' affirmative defenses. Defendants filed an opposition to the motion, and Plaintiff filed a reply. For the reasons discussed below, the Court grants in part and denies in part Plaintiff's motion to strike.

## I.
## BACKGROUND

On April 23, 2010, Plaintiff filed a Complaint alleging that Defendants unlawfully broadcasted a sporting event at their restaurant in Calexico, California. Plaintiff asserted four claims against Defendants: (1) violation of 47 U.S.C. Section 605, unauthorized publication or use of communications; (2) violation of 47 U.S.C. Section 553, unauthorized reception of cable service; (3) conversion; and (4) violation of California Business and Professions Code Section 17200, *et seq.* On July 22, 2010, Defendants filed their Answer denying all claims. The Answer includes thirty affirmative defenses. In response, Plaintiff filed the present motion.

## II.

## LEGAL STANDARD

A court may strike an insufficient defense or any redundant, immaterial, impertinent or scandalous matter in a pleading. Fed. R. Civ. P. 12(f). An insufficient defense fails to give the plaintiff fair notice of the nature of the defense. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). An "immaterial" matter has no essential or important relationship to the claim for relief or defenses pleaded. *Fantasy, Inc. v. Fogerty*, 984 F. 2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517, 534-35 (1994). An "impertinent" matter consists of statements that do not pertain and are unnecessary to the issues in question. *Id*.

Generally, motions to strike are disfavored because pleadings are of limited importance in federal practice and such motions are usually used as a delaying tactic. *RDF Media Ltd. v. Fox Broadcasting Co.*, 372 F. Supp. 2d 556, 566 (C.D. Cal. 2005). Thus, courts will generally grant a motion to strike only when the moving party has proved that the matter to be stricken could have no possible bearing on the subject matter of the litigation. *See Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002); *LeDuc v. Kentucky Cent. Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992). Lastly, courts often require a showing of prejudice even when a motion to strike is granted. *SEC v. Sands*, 902 F. Supp. 1149, 1166 (C.D. Cal. 1995).

## III.

## DISCUSSION

Plaintiff asserts a number of reasons for striking all of Defendants' affirmative defenses. First, Plaintiff argues that all of the affirmative defenses are insufficient because they are simply boilerplate recitations. According to Plaintiff, these boilerplate recitations are devoid of facts and circumstances thereby depriving Plaintiff of fair notice of the defense. Plaintiff also contends that some of the affirmative defenses are not affirmative defenses at all because they merely restate Defendants' denial of liability, or assert that Plaintiff cannot prove the elements of the claims. Finally, Plaintiff argues that some of the defenses should be stricken as irrelevant.

Defendants respond that each affirmative defense is based in part on their position that the boxing match was aired for free on a television network. However, this position was not asserted in

Defendants' Answer. A ruling on a motion to strike affirmative defenses must be based on matters contained in the pleadings. *See Kelly v. Kosuga*, 358 U.S. 516 (1959) (in considering a motion to strike a defense, "the facts underlying it must be taken to be those set up in the...answer"). Therefore, this Court will address each affirmative defense based only on matters alleged in the pleadings.

**A.    Insufficient Affirmative Defenses**

Plaintiff asserts that Defendants do not provide any facts supporting any of the affirmative defenses, thereby failing to give Plaintiff fair notice of the nature of the defenses, as required. In response, Defendants argue that federal law only requires the defenses to be stated in simple, concise, and direct terms. Fed. R. Civ. P. 8(d)(1).

In some cases, merely pleading the name of an affirmative defense is sufficient. *Woodfield v. Bowman*, 193 F. 3d 354, 362 (5th Cir. 1999). However, the defense must be sufficiently articulated so that the plaintiff is not a victim of unfair surprise. *Board of Trustees of San Diego Elec. Pension Trust v. Bigley Elec., Inc.*, No. 07CV634, 2007 WL 2070355, at * 2 (S.D. Cal. July 12, 2007) (citing *Woodfield*, 193 F.3d at 362). Here, many of the affirmative defenses are merely boilerplate recitations. Defendants have not provided any facts related to these defenses in the pleadings. Based on the pleadings, Plaintiff cannot know the intent or nature of the affirmative defenses pleaded. Therefore, the Court strikes the first (failure to state a claim), fourth (no tangible property), seventh (unclean hands), ninth (statutes of limitation), thirteenth (estoppel), fifteenth (waiver), sixteenth (failure to exhaust administrative/judicial remedies), seventeenth (relief barred by law), eighteenth (laches), twentieth (justification and privilege), twenty-third (consent), twenty-fourth (adequate remedy at law), and twenty-fifth (inconsistent remedies) affirmative defenses. The motion to strike these affirmative defenses is granted with leave to amend.

**B.    Non-Affirmative Defenses**

Affirmative defenses plead matters extraneous to the plaintiff's *prima facie* case, which deny the plaintiff's right to recover even if the allegations of the complaint are true. *Marshack v. Orange Commercial Credit* (*In re National Lumber & Supply*), 184 B.R. 74, 77 ( B.A.P. 9th Cir.1995) (citing *Federal Deposit Insurance Corp. v. Main Hurdman*, 655 F. Supp. 259, 262 (E.D. Cal. 1987)). A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense.

*Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002).

Defendants assert in several defenses that they were not the cause of Plaintiff's damages. This is just another way of asserting that Plaintiff has not or cannot prove the element of causation. Defendants also claim a constitutional violation based on the lack of a requirement that Plaintiff must prove punitive damages beyond a reasonable doubt. This is not an affirmative defense because Defendants are not alleging that Plaintiff does not have a right to recover; instead, Defendants are simply challenging the burden of proof required at trial. Similarly, Defendants' reservation of the right to amend is not a defense because it does not state an avoidance of liability. If Defendants seek to amend the Answer, they must do so pursuant to Fed. R. Civ. P. 15.

Accordingly, the third (defendant did not cause plaintiff's damages), eighth (intervening/superseding cause), tenth (plaintiff's failure to act), twenty-first (no entitlement to damages), twenty-sixth (no breach of duty), twenty-seventh (reasonable, just and proper acts), twenty-eighth (failure to allege sufficient facts for punitive damages), twenty-ninth (violation of constitution), and thirtieth (right to amend) affirmative defenses are stricken.

**C.     Defenses That Are Immaterial**

Plaintiff argues that some of Defendants' defenses are immaterial because Defendants' willfulness is only relevant to the determination of the propriety of enhanced statutory damages. Title 47 U.S.C. §§ 553 and 605 do not require a defendant to have knowledge that his conduct amounted to a violation. *See International Cablevision, Inc. v. Sykes*, 997 F. 2d 998, 1004 (2d Cir. 1993) (finding that 47 U.S.C. § 553 does not exempt an unaware person from liability). Instead, §§ 553(c)(3)(©) and 605(e)(3)(C)(iii) provide that if "the violator was not aware and had no reason to believe that his acts constituted a violation of this section, the court in its discretion may reduce the award of damages..." *See* 47 U.S.C.A. § 553(c)(3)(©) (West 2010); 47 U.S.C.A. § 605(e)(3)(C)(iii) (West 2010). Therefore, evidence of Defendants' intent is unnecessary in determining the existence of a violation. The second (good faith), fifth (no willful and/or mistaken conduct), sixth (conduct not authorized), eleventh (comparative fault), twelfth (failure to mitigate damages), fourteenth (contributory negligence), and nineteenth (bad faith) affirmative defenses are stricken.

**D.     Redundant Affirmative Defense**

Here, the twenty-second affirmative defense (waiver) is the same as the fifteenth affirmative defense (waiver).  The motion to strike the twenty-second defense is granted.

## IV.
## CONCLUSION

For the reasons set out above, Plaintiff's motion to strike the affirmative defenses is granted. Specifically, the motion is granted with leave to amend with respect to the first, fourth, seventh, ninth, thirteenth, fifteenth, sixteenth, seventeenth, eighteenth, twentieth, twenty-third, twenty-fourth, and twenty-fifth affirmative defenses.  The motion is granted without leave to amend with respect to the second, third, fourth, fifth, sixth, eighth, tenth, eleventh, twelfth, fourteenth, nineteenth, twenty-first, twenty-second, twenty-sixth, twenty-seventh, twenty-eighth, twenty-ninth, and thirtieth affirmative defenses.

IT IS SO ORDERED.

DATED: December 15, 2010

_____
HON. DANA M. SABRAW
United States District Judge